**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BEAUMONT LAMAR APARTMENTS, LLC,** | § § § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | C.A. NO. 4:23-cv-00341-O |
| | § § | |
| **WALLIS BANK, MUSA DAKRI, ASIF DAKRI, AYAZ NASSER, ROBERT ADAM, WILLIAM F. BURGE III, NASR KHAN, ROGER SEBESTA, FAIZEL DAKRI, JODIE JILES, JERRY PETTERSON, GARY OWENS, FARID VIRANI, MCCUNE CONSTRUCTION SERVICES GROUP, LLC N/K/A MCCUNE CONSTRUCTION FUNDS MANAGEMENT, LLC, AND STEPHEN "STEVE" MCCUNE,** | § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**DEFENDANTS MUSA DAKRI, ASIF DAKRI, AYAZ NASSER, ROBERT ADAM, WILLIAM F. BURGE III, NASR KHAN, FAIZEL DAKRI AND FARID VIRANI'S ORIGINAL ANSWER**

COME NOW, DEFENDANTS Musa Dakri, Asif Dakri, Ayaz Nasser, Robert Adam, William F. Burge III, Nasr Khan, Faizel Dakri and Farid Virani (collectively the "Board"), and file their Answer to the Original Complaint of Plaintiff Beaumont Lamar Apartments, LLC ("Plaintiff"), and would answer as follows:

**I. ANSWER**

1.      The Board pleads that it is not required to either admit or deny paragraph 1 because it contains a legal argument, which it is not required to either admit or deny.

1

Alternatively, in the event such statement is construed to be a factual allegation or contains any factual allegations, the Board denies such allegation(s).

2. The Board lacks sufficient information to either admit or deny paragraph 2.

3. The Board admits the allegations contained in paragraph 3.

4. The Board admits the allegations contained in paragraph 4.

5. The Board admits the allegations contained in paragraph 5.

6. The Board admits the allegations contained in paragraph 6.

7. The Board admits the allegations contained in paragraph 7.

8. The Board admits the allegations contained in paragraph 8.

9. The Board admits the allegations contained in paragraph 9.

10. The Board admits the allegations contained in paragraph 10.

11. The Board admits the allegations contained in paragraph 11.

12. The Board admits the allegations contained in paragraph 12.

13. The Board admits the allegations contained in paragraph 13.

14. The Board admits the allegations contained in paragraph 14.

15. The Board admits the allegations contained in paragraph 15.

16. The Board lacks sufficient information to either admit or deny paragraph 16.

17. The Board lacks sufficient information to either admit or deny in paragraph.

18. The Board lacks sufficient information to either admit or deny paragraph 18.

19. The Board pleads that it is not required to admit or deny paragraph 19 because it contains a legal argument, which it is not required to either admit or deny. The Board denies the allegations contained in sentences 2 and 3 of paragraph 19.

20. The Board pleads that it is not required to either admit or deny paragraph 20 because it contains a legal argument, which it is not required to either admit or deny.

21. The Board admits the allegations contained in the first sentence of paragraph 21. The Board lacks sufficient information to either admit or deny the remaining allegations in paragraph 21.

22. The Board lacks sufficient information to either admit or deny paragraph 22.

23. The Board lacks sufficient information to either admit or deny paragraph 23.

24. The Board lacks sufficient information to either admit or deny paragraph 24.

25. The Board admits to the allegations contained in paragraph 25.

26. The Board lacks sufficient information to either admit or deny paragraph 26.

27. The Board admits sentences 2, 3, 4, and 6. The Board denies the allegations contained in sentences, 1, 5, 7, and 8 of paragraph 27.

28. The Board lacks sufficient information to either admit or deny paragraph 28.

29. The Board lacks sufficient information to either admit or deny paragraph 29.

30. The Board lacks sufficient information to either admit or deny paragraph 30.

31. The Board lacks sufficient information to either admit or deny paragraph 31.

32. The Board lacks sufficient information to either admit or deny paragraph 32.

33. The Board lacks sufficient information to either admit or deny paragraph 33.

34. The Board lacks sufficient information to either admit or deny paragraph 34.

35. The Board lacks sufficient information to either admit or deny paragraph 35.

36. The Board lacks sufficient information to either admit or deny paragraph 36.

37. The Board lacks sufficient information to either admit or deny paragraph 37.

38. The Board lacks sufficient information to either admit or deny paragraph 38.

39. The Board lacks sufficient information to either admit or deny paragraph 39.

40. The Board lacks sufficient information to either admit or deny paragraph 40.

41. The Board lacks sufficient information to either admit or deny paragraph 41.

42. The Board lacks sufficient information to either admit or deny paragraph 42.

43. The Board lacks sufficient information to either admit or deny paragraph 43.

44. The Board lacks sufficient information to admit or deny the allegations contained in the first sentence of paragraph 43. The Board denies the remaining allegations contained in paragraph 44.

45. The Board lacks sufficient information to either admit or deny paragraph 45.

46. The Board lacks sufficient information to either admit or deny paragraph 46.

47. The Board lacks sufficient information to either admit or deny paragraph 47.

48. The Board lacks sufficient information to either admit or deny paragraph 48.

49. The Board lacks sufficient information to either admit or deny paragraph 49.

50. The Board denies that all conditions precedent have occurred or been performed. Specifically, the Board asserts that Plaintiff ceased construction, was in default of its payment obligations, failed to complete phase one, no special relationship for a finding of fiduciary duty, Plaintiff failed to send notice under Chapter 38 of the Civil Practice and Remedies Code, and the individual Board members are shielded from personal liability under Section 21.223 of the Texas Business and Commerce Code..

51. The Board pleads that it is not required to either admit or deny paragraph 51.

52. The Board lacks sufficient information to either admit or deny paragraph 52.

53. The Board lacks sufficient information to either admit or deny paragraph 53.

54. The Board lacks sufficient information to either admit or deny paragraph 54.

55. The Board pleads that it is not required to either admit or deny paragraph 55.

56. The Board denies the allegations contained in paragraph 56.

57. The Board denies the allegations contained in paragraph 57.

58. The Board denies the allegations contained in paragraph 58.

59. The Board denies the allegations contained in sentences 1, 2, 4, and 5 of paragraph 59. The Board lacks sufficient information to either admit or deny the allegations contained in sentence 3 of paragraph 59.

60. The Board denies the allegations contained in paragraph 60.

61. The Board lacks sufficient information to either admit or deny the allegations contained in paragraph 61.

62. The Board denies the allegations contained in sentences 2, 4, 5, and 6 in paragraph 62. The Board lacks sufficient information to either admit or deny the allegations contained in 1 and 3 in paragraph 62.

63. The Board denies the allegations contained in paragraph 63.

64. The Board pleads that it is not required to either admit or deny paragraph 64.

65. The Board pleads that it is not required to either admit or deny paragraph 65 because it contains a legal argument, which it is not required to either admit or deny. Alternatively, in the event such statement is construed to be a factual allegation or contains any factual allegations, the Board denies such allegation(s).

66. The Board denies the allegations contained in paragraph 66.

67. The Board denies the allegations contained in paragraph 67.

68. The Board denies the allegations contained in paragraph 68.

69. The Board denies the allegations contained in paragraph 69.

70. The Board lacks sufficient information to either admit or deny the allegations contained in paragraph 70.

71. The Board denies the allegations contained in paragraph 71.

72. The Board denies the allegations contained in paragraph 72.

73. The Board pleads that it is not required to either admit or deny paragraph 73.

74. The Board pleads that it is not required to either admit or deny paragraph 74 because it contains a legal argument, which it is not required to either admit or deny. Alternatively, in the event such statement is construed to be a factual allegation or contains any factual allegations, the Board denies such allegation(s).

75. The Board denies the allegations contained in paragraph 75.

76. The Board lacks sufficient information to either admit or deny the allegations contained in paragraph 76.

77. The Board denies the allegations contained in paragraph 77.

78. The Board pleads that it is not required to either admit or deny paragraph 78 because it contains a legal argument, which it is not required to either admit or deny. Alternatively, in the event such statement is construed to be a factual allegation or contains any factual allegations, the Board denies such allegation(s).

79. The Board denies the allegations contained in paragraph 79.

80. The Board denies the allegations contained in paragraph 80.

81. The Board denies the allegations contained in paragraph 81.

82. The Board denies the allegations contained in paragraph 82.

83. The Board lacks sufficient information to either admit or deny the allegations contained in paragraph 83.

84. The Board denies the allegations contained in paragraph 84.

85. The Board denies the allegations contained in paragraph 85.

86. The Board denies the allegations contained in paragraph 86.

87. The Board denies the allegations contained in paragraph 87.

88. The Board denies the allegations contained in paragraph 88.

89. The Board pleads that it is not required to either admit or deny paragraph 89.

90. The Board denies the allegations contained in paragraph 90.

91. The Board denies the allegations contained in paragraph 91.

92. The Board denies the allegations contained in paragraph 92.

93. The Board denies the allegations contained in paragraph 93.

94. The Board denies the allegations contained in paragraph 94.

95. The Board pleads that it is not required to either admit or deny paragraph 95.

96. The Board denies the allegations contained in paragraph 96.

97. The Board lacks sufficient information to either admit or deny the allegations contained in paragraph 97.

98. The Board admits the allegations contained in sentences 1 and 2 of paragraph 98. The Board denies the final sentence of paragraph.

99. The Board lacks sufficient information to either admit or deny the allegations contained in sentences 1 and 2 of paragraph 99. The Board denies the remaining allegations contained in paragraph 99.

100. The Board lacks sufficient information to either admit or deny the allegations contained in paragraph 100.

101. The Board lacks sufficient information to either admit or deny the allegations contained in paragraph 101.

102. The Board pleads that it is not required to either admit or deny paragraph 102.

103. The Board pleads that it is not required to either admit or deny the allegations contained in sentences 1 and 2 of paragraph 103 because they contain a legal argument, which it is not required to either admit or deny. The Board denies the allegations contained in sentences 3 and 4 of paragraph 103.

104. The Board denies the allegations contained in paragraph 104.

105. The Board denies the allegations contained in sentence 1, 4 and 6 of paragraph 105. The Board lacks sufficient information to either admit or deny the allegations contained in sentences 2, 3, 5, and 7 of paragraph 105.

106. The Board admits the allegations contained in the first sentence of paragraph 106. The Board denies the remaining allegations contained in paragraph 106.

107. The Board denies the allegations contained in paragraph 107.

108. The Board admits the allegations contained in sentences 2, 3, and 4 of paragraph 108. The Board denies the allegations contained in sentence 1 of paragraph 108.

The Board lacks sufficient information to either admit or deny the allegations contained in sentences 5, 6 and 7 of paragraph 108.

109. The Board denies the allegations contained in sentences 1, 2, and 4 of paragraph 109. The Board admits the allegations contained in sentence 3 of paragraph 109.

110. The Board lacks sufficient information to either admit or deny the allegations contained in the entire paragraph 110 except for the last sentence, which the Board admits.

111. The Board denies the allegations contained in paragraph 111.

112. The Board pleads that it is not required to either admit or deny paragraph 112.

113. The Board denies the allegations contained in paragraph 113.

114. The Board denies the allegations contained in sentences 1, 2, and 4 of paragraph 114. The Board admits the allegations contained in sentence 3 of paragraph 114.

115. The Board lacks sufficient information to either admit or deny the allegations contained in the entire paragraph 115 except for the last sentence, which the Board admits.

116. The Board denies the allegations contained in paragraph 116.

117. The Board lacks sufficient information to either admit or deny the allegations contained in paragraph 117.

118. The Board lacks sufficient information to either admit or deny the allegations contained in sentences 1 and 3 of paragraph 118. The Board denies the allegations contained in sentences 2 and 4 of paragraph 118.

119. The Board denies that all conditions precedent have occurred or been performed. Specifically, the Board asserts that Plaintiff ceased construction, was in default of its payment obligations, failed to complete phase one, no special relationship for a

9

finding of fiduciary duty, Plaintiff failed to send notice under Chapter 38 of the Civil Practice and Remedies Code, and the individual Board members are shielded from personal liability under Section 21.223 of the Texas Business and Commerce Code.

120. The Board pleads that it is not required to either admit or deny paragraph 120 because it contains a legal argument, which it is not required to either admit or deny. Alternatively, in the event such statement is construed to be a factual allegation or contains any factual allegations, the Board denies such allegation(s).

121. The Board pleads that it is not required to either admit or deny paragraph 121 because it contains a legal argument, which it is not required to either admit or deny. Alternatively, in the event such statement is construed to be a factual allegation or contains any factual allegations, the Board denies such allegation(s).

122. The Board pleads that it is not required to either admit or deny paragraph 122 because it contains a legal argument, which it is not required to either admit or deny. Alternatively, in the event such statement is construed to be a factual allegation or contains any factual allegations, the Board denies such allegation(s).

123. The Board pleads that it is not required to either admit or deny paragraph 123 because it contains a legal argument, which it is not required to either admit or deny. Alternatively, in the event such statement is construed to be a factual allegation or contains any factual allegations, the Board denies such allegation(s).

124. The Board pleads it is not required to either admit or deny paragraph 124. Alternatively, the Board denies Plaintiff is entitled to a jury trial. Plaintiff executed a jury waiver.

## II. AFFIRMATIVE DEFENSES

125.    In accordance with Rule 8(c) of the Federal Rules of Civil Procedure, the Board hereby asserts the following affirmative defense(s):

1. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, estoppel and/or unclean hands.

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

3. Plaintiff's claims are further barred because the individual Board members are not liable in the capacity in which they have been sued.  The individual Board members are not personally liable for actions taken by Wallis Bank or actions the individual Board members took in their capacity as board members of Wallis Bank under Section 21.223 of the Texas Business and Commerce Code.

WHEREFORE PREMISES CONSIDERED, DEFENDANTS Musa Dakri, Asif Dakri, Ayaz Nasser, Robert Adam, William F. Burge III, Nasr Khan, Faizel Dakri and Farid Virani having fully answered, respectfully pray for judgment that Plaintiff take nothing by the Complaint, for costs incurred herein, and for such other and further relief, at law or in equity, as the Court may deem just and proper.

DATED:  April 26, 2023.

Respectfully submitted,

MURRAY | LOBB, P.L.L.C.

By: */s/ Kyle L. Dickson*
    Kyle L. Dickson, *Attorney-in-Charge*
    Texas Bar No. 05841310
    Federal Bar No. 13441
    Charles E. Lobb, Jr.
    Texas Bar No. 12455375
    2200 Space Park Drive, Suite 350
    Houston, Texas 77058
    Ph:   (281) 488-0630
    Fx:   (281) 488-2039
    Email: *kdickson@murray-lobb.com*
           *lobb@murray-lobb.com*

ATTORNEYS FOR DEFENDANTS MUSA DAKRI, ASIF DAKRI, AYAZ NASSER, ROBERT ADAM, WILLIAM F. BURGE III, NASR KHAN, FAIZEL DAKRI AND FARID VIRANI

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered in the appropriate manner to all known parties and/or counsel of record on April 26, 2023.

*/s/ Kyle L. Dickson*
Kyle L. Dickson

Christian Dennie
FOX ROTHSCHILD, LLP
2501 N. Harwood Street, Suite 1800
Dallas, Texas
*cdennie@foxrothschild.com*

**Counsel for Plaintiff Beaumont Lamar Apartments, LLC**

Cara D. Kennemer
The Underwood Law Firm, P.C.
600 Bailey Avenue, Suite 200
Fort Worth, Texas 79107
*Cara.kennemer@uwlaw.com*

**Counsel for Defendants McCune Construction Services Group, LLC n/k/a McCune Construction Funds Management, LLC and Stephen "Steve" McCune**

13