IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BEAUMONT LAMAR APARTMENTS, LLC,<br>    *Plaintiff,* | § § § § | |
| vs. | § § | C.A. NO. 4:23-cv-00341-O |
| WALLIS BANK, MUSA DAKRI, ASIF DAKRI, AYAZ NASSER, ROBERT ADAM, WILLIAM F. BURGE III, NASR KHAN, ROGER SEBESTA, FAIZEL DAKRI, JODIE JILES, JERRY PETERSON, GARY OWENS, FARID VIRANI, MCCUNE CONSTRUCTION SERVICES GROUP, LLC N/K/A MCCUNE CONSTRUCTION FUNDS MANAGEMENT, LLC, AND STEPHEN "STEVE" MCCUNE,<br>    *Defendants.* | § § § § § § § § § § § § § § § § | |

**DEFENDANTS', WILLIAM F. BURGE, III, FAIZEL DAKRI, JODIE JILES, AND FARID VIRANI, ORIGINAL ANSWER TO PLAINTIFF'S, BEAUMONT LAMAR APARTMENTS, LLC, SECOND AMENDED COMPLAINT**

COME NOW, DEFENDANTS, WILLIAM F. BURGE, III, FAIZEL DAKRI, JODIE JILES, AND FARID VIRANI, (the "Non-Participating Directors"),[1] filing their ORIGINAL ANSWER TO PLAINTIFF'S, BEAUMONT LAMAR APARTMENTS, LLC ("Plaintiff"), SECOND AMENDED COMPLAINT, and would answer as follows:

**I. ADMISSIONS AND DENIALS**

---

[1] The Non-Participating Directors are members of the Board of Directors of Wallis Bank. Nevertheless, none of them had any involvement whatsoever with the loans made to Plaintiff, were not involved with the co-defendants, McCune Construction Funds Management, LLC., or Steve McCune (collectively "McCune"), and never discussed with anyone the subject of taking any property from Plaintiff.

1.      Non-Participating Directors are not required to either admit or deny so much of the allegations in Plaintiff's Paragraph 1[2] that state conclusions of law, specifically, "Defendants' actions and inactions constitute breach of contract; fraud; conspiracy; lender liability – breach of good faith and fair dealing, lender liability – negligence, lender liability – breach of fiduciary duty, gross negligence; money had and received; wrongful foreclosure; violations of the Texas Insurance Code; violations of the Texas Deceptive Trade Practices Act ("DTPA") and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1962(c), (d))." Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of all the rest of the allegations in Paragraph 1.

2.      Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 2.

3.      Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 3.

4.      Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 4.

5.      Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 5.

6.      Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 6.

7.      Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 7.

---

[2] Paragraphs in Plaintiff's Second Amended Complaint are heretofore referred to as Paragraph *, where * represents the number in the complaint.

8.      Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 8.

9.      Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 9.

10.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 10.

11.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 11.

12.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 12.

13.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 13.

14.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 14.

15.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 15.

16.     Participating Directors are not required to either admit or deny the allegations in Paragraph 16.

17.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 17.

18.     Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 18.

19.     Non-Participating Directors are not required to either admit or deny the allegations in

Paragraph 19 because they state conclusions of law.

20.    Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 20 because they state conclusions of law.

21.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 21.

22.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 22.

23.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 23.

24.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 24.

25.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 25.

26.    Participating Directors deny the allegations in Paragraph 26.

27.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 27.

28.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 28.

29.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 29.

30.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 30.

31.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about

the truth of the allegations in Paragraph 31.

32.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 32.

33.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 33.

34.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 34.

35.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 35.

36.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 36.

37.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 37.

38.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 38.

39.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 39.

40.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 40.

41.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 41.

42.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 42.

43. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 43.

44. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 44.

45. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 45.

46. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 46.

47. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 47.

48. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 48.

49. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 49.

50. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 50.

51. Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 51.

52. Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 52.

53. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 53.

54. Non-Participating Directors lack sufficient knowledge or information to form beliefs about

the truth of the allegations in Paragraph 54.

55.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 55.

56.    Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 56.

57.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 57.

58.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 58.

59.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 59.

60.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 60.

61.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 61.

62.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 62.

63.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 63.

64.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 64.

65.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 65.

66.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 66.

67.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 67.

68.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 68.

69.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 69.

70.     Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 70.

71.     Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 71 because they merely state the elements of a civil conspiracy.

72.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 72.

73.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 73.

74.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 74.

75.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 75.

76.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 76.

77.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about

the truth of the allegations in Paragraph 77.

78.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 78.

79.     Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 79.

80.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 80.

81.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 81.

82.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 82.

83.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 83.

84.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 84.

85.     Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 85.

86.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 86.

87.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 87.

88.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 88.

89.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 89.

90.    Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 90.

91.    Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 91 to the extent they merely state the elements supporting a violation of RICO based on 18 U.S.C. § 1962(c). Alternatively, in the event such statements are construed to be a factual allegation or contains any factual allegations, Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 91.

92.    Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 92 to the extent they merely state the definition of a person in 18 U.S.C. § 1961(3). Alternatively, in the event such statements are construed to be a factual allegation or contains any factual allegations, Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 92.

93.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 93.

94.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 94.

95.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in the first and third sentences of Paragraph 95. Non-Participating Directors are not required to either admit or deny the allegations in the second sentence of Paragraph 95 to the extent they merely state the definition of wire fraud in 18 U.S.C. § 1343. Alternatively, in the event such statements are construed to be a factual allegation or contains any

factual allegations, Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 95.

96.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 96.

97.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 97.

98.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph in Paragraph 98.

99.     Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 99.

100.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 100.

101.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 101.

102.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 102.

103.    Non-Participating Directors are not required to either admit or deny the allegations in the first, third, fourth, and fifth sentences of Paragraph 103 to the extent they merely state legal conclusions of alleged racketeering activity within the meaning of 18 U.S.C. § 1961(5) and 1962(c). Alternatively, in the event such statements are construed to be a factual allegation or contains any factual allegations, Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in these sentences and the rest of Paragraph 103.

104. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 104.

105. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 105.

106. Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 106.

107. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 107.

108. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 108.

109. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 109.

110. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 110.

111. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 111.

112. Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 112.

113. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 113.

114. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 114.

115. Non-Participating Directors lack sufficient knowledge or information to form beliefs about

the truth of the allegations in Paragraph 115.

116.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 116.

117.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 117.

118.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 118.

119.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 119.

120.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 120.

121.    Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 121.

122.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph Participating Directors deny the allegations in Paragraph 122.

123.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 123.

124.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 124.

125.    Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 125.

126.    Non-Participating Directors are not required to either admit or deny the allegations in

Paragraph 126 to the extent they merely state the circumstances under which a claim may arise from a breach of the duty of good faith and fair dealing in the context of an underlying contract in which the parties have a "special relationship." Alternatively, in the event such statements are construed to be a factual allegation or contain any factual allegations, Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of these allegations.

127.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegation in the first sentence of Paragraph 127. Non-Participating Directors admit the allegation in the second sentence to the extent that "[s]ince 1906, Wallis Bank has survived the Great Depression, both World Wars, and the recent Great Recession without taking any government assistance."

128.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 128.

129.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 129.

130.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 130.

131.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 131.

132.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 132.

133.    Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 133.

134.    Non-Participating Directors are not required to either admit or deny the allegations in the

first and second sentences of Paragraph 134 to the extent they merely state the circumstances under which a claim may arise from "lender liability" and the circumstances upon which the "lender assumes the role of a fiduciary and is no longer merely a creditor." Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the rest of the allegations in Paragraph 134.

135.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 135.

136.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 136.

137.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 137.

138.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 138.

139.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 139.

140.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 140.

141.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 141.

142.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 142.

143.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 143.

144. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 144.

145. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 145.

146. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 146.

147. Non-Participating Directors are not required to either admit or deny so much of the allegations in Paragraph 147 that state conclusions of law, specifically, "[t]hese actions breached Bank Defendants' fiduciary duties, including duties of care, loyalty, good faith, and fair dealings, with Plaintiff resulting in financial injury." Alternatively, in the event such statements are construed to be a factual allegation or contain any factual allegations, Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 147.

148. Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 148.

149. Non-Participating Directors are not required to either admit or deny so much of the allegations in the first, third, fourth, and fifth sentences of Paragraph 149 that state conclusions of law, specifically, the actions of Wallis Bank "constitute the 'business of insurance' as defined by the Texas Insurance Code, including Section 101.051(b)(4)(B)" and the actions of Wallis Bank "constitute unfair and/or deceptive acts or practices in violation of Sections 541.051(4), 541.052, 541.055(2), and 541.061 of the Texas Insurance Code" and "such provisions of the Texas Insurance Code constitute tie-in statutes under the DTPA," and "such unfair and/or deceptive acts or practices were conducted and performed intentionally and knowingly." Alternatively, in the event such

statements are construed to be a factual allegation or contain any factual allegations, Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of these allegations and those in the second sentence of Paragraph 149.

150. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 150.

151. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 151.

152. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 152.

153. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 153.

154. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 154.

155. Non-Participating Directors are not required to either admit or deny the allegations in Paragraph 155.

156. Non-Participating Directors are not required to either admit or deny so much of the allegations in the first sentence of Paragraph 156 that state conclusions of law, specifically, that Wallis Bank has "violated Sections 17.46 and 17.50(a)(1) of the Texas Business and Commerce Code." Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the rest of the allegations in Paragraph 156.

157. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the allegations in Paragraph 157.

158. Non-Participating Directors are not required to either admit or deny the allegations in the

first sentence of Paragraph 158. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the rest of the allegations in Paragraph 158.

159.    Non-Participating Directors are not required to either admit or deny the allegations in the first sentence of Paragraph 159. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the rest of the allegations in Paragraph 159.

160.    Non-Participating Directors are not required to either admit or deny the allegations in the first sentence of Paragraph 160. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the rest of the allegations in Paragraph 160.

161.    Non-Participating Directors are not required to either admit or deny the allegations in the first sentence of Paragraph 161. Non-Participating Directors lack sufficient knowledge or information to form beliefs about the truth of the rest of the allegations in Paragraph 161.

162.    Non-Participating Directors deny the allegation in Paragraph 162 to the extent that Plaintiff is entitled to a trial by jury.

## II. DEFENSES AND AFFIRMATIVE DEFENSES

163.    In accordance with Rule 8(c) of the Federal Rules of Civil Procedure, Non-Participating Directors hereby assert the following affirmative defenses:[3]

---

[3] The Non-Participating Directors are members of the Board of Directors of Wallis Bank. None of them had any involvement whatsoever with the loans made to Plaintiff, were not involved with the co-defendants, McCune Construction Funds Management, LLC., or Steve McCune (collectively "McCune"), and never discussed with anyone the subject of taking any property from Plaintiff. Notwithstanding their lack of involvement in this dispute, as members of the Board of Directors they have knowledge of the content of the documents Wallis Bank requires its commercial borrowers to execute and money owed to the bank as credit card debt. It is in this capacity the Non-Participating Directors assert their affirmative defenses.

163.1     Plaintiff's claims are barred by contractual release, specifically:

36.     **RELEASE OF CLAIMS:** Grantor hereby releases, discharges and acquits forever Beneficiary and its officers, directors, trustees, agents, employees and counsel (in each case, past, present or future) from any and all Claims existing as of the date hereof (or the date of actual execution hereof by Grantor, if later). As used herein, the term "Claim" shall mean any and all liabilities, claims, defenses, demands, actions, causes of action, judgments, deficiencies, interest, liens, costs or expenses (including court costs, penalties, attorneys' fees and disbursements, and amounts paid in settlement) of any kind and character whatsoever, including claims for usury, breach of contract, breach of commitment, negligent misrepresentation, any type of fraud (including fraud in the inducement) or failure to act in good faith, in each case whether now known or unknown, suspected or unsuspected, asserted or unasserted or primary or contingent, and whether arising out of written documents, unwritten undertakings, course of conduct, tort, violations of laws or regulations or otherwise. To the maximum extent permitted by applicable law, Grantor hereby waives all rights, remedies, claims and defenses based upon or related to Sections 51.003, 51.004 and 51.005 of the Texas Property Code, to the extent the same pertain or may pertain to any enforcement of this Deed of Trust.

Deed of Trust and Security Agreement, page 9, Para. 36, executed on behalf of Plaintiff by and through Selim Kiralp, LLC, its Member on January 9, 2020.

37.     **RELEASE OF CLAIMS:** Grantor hereby releases, discharges and acquits forever Beneficiary and its officers, directors, trustees, agents, employees and counsel (in each case, past, present or future) from any and all Claims existing as of the date hereof (or the date of actual execution hereof by Grantor, if later). As used herein, the term "Claim" shall mean any and all liabilities, claims, defenses, demands, actions, causes of action, judgments, deficiencies, interest, liens, costs or expenses (including court costs, penalties, attorneys' fees and disbursements, and amounts paid in settlement) of any kind and character whatsoever, including claims for usury, breach of contract, breach of commitment, negligent misrepresentation, any type of fraud (including fraud in the inducement) or failure to act in good faith, in each case whether now known or unknown, suspected or unsuspected, asserted or unasserted or primary or contingent, and whether arising out of written documents, unwritten undertakings, course of conduct, tort, violations of laws or regulations or otherwise. To the maximum extent permitted by applicable law, Grantor hereby waives all rights, remedies, claims and defenses based upon or related to Sections 51.003, 51.004 and 51.005 of the Texas Property Code, to the extent the same pertain or may pertain to any enforcement of this Deed of Trust.

Deed of Trust and Security Agreement, page 9, Para. 37, executed on behalf of Plaintiff by and through Selim Kiralp, LLC, its Member on January 19, 2021.

38.     **RELEASE OF CLAIMS:** Grantor hereby releases, discharges and acquits forever Beneficiary and its officers, directors, trustees, agents, employees and counsel (in each case, past, present or future) from any and all Claims existing as of the date hereof (or the date of actual execution hereof by Grantor, if later). As used herein, the term "Claim" shall mean any and all liabilities, claims, defenses, demands, actions, causes of action, judgments, deficiencies, interest, liens, costs or expenses (including court costs, penalties, attorneys' fees and disbursements, and amounts paid in settlement) of any kind and character whatsoever, including claims for usury, breach of contract, breach of commitment, negligent misrepresentation, any type of fraud (including fraud in the inducement) or failure to act in good faith, in each case whether now known or unknown, suspected or unsuspected, asserted or unasserted or primary or contingent, and whether arising out of written documents, unwritten undertakings, course of conduct, tort, violations of laws or regulations or otherwise. To the maximum extent permitted by applicable law, Grantor hereby waives all rights, remedies, claims and defenses based upon or related to Sections 51.003, 51.004 and 51.005 of the Texas Property Code, to the extent the same pertain or may pertain to any enforcement of this Deed of Trust.

Deed of Trust and Security Agreement, page 9, Para. 38, executed on behalf of Plaintiff by and through Selim Kiralp, LLC, its Member on March 16, 2022.

**Release of Payee.** In consideration of the agreement of the Payee to provide this Note, and other good and valuable consideration, which consideration is agreed by Maker to be good and sufficient, Maker **RELEASES, ACQUITS AND FOREVER DISCHARGES** the Payee, its directors, officers, shareholders, agents, contractors, employees, affiliates, attorneys, successors and assigns from any and all claims, demands, liens, damages, actions or suits, of whatsoever nature or character, whether statutory (including without limitation usury and deceptive trade practices claims), in contract or in tort, known or unknown, which have accrued or may accrue to Maker or any creditor or affiliate of Maker on account of any injuries, fraud (including fraud in the inducement), damages or losses or otherwise arising out of or in any way connected to (i) any extension of credit by the Payee to Maker on or prior to the date hereof, or (ii) any matter or thing done, omitted or suffered to be done by the Payee, its directors, officers, shareholders, agents, employees, affiliates, attorneys, predecessors or assignors on or prior to the date hereof.

Balloon Real Estate Lien Note, page 3, executed on behalf of Plaintiff by and through Selim Kiralp,

LLC, its Member on January 9, 2020.

**Release of Payee.** In consideration of the agreement of the Payee to provide this Note, and other good and valuable consideration, which consideration is agreed by Maker to be good and sufficient, Maker **RELEASES, ACQUITS AND FOREVER DISCHARGES** the Payee, its directors, officers, shareholders, agents, contractors, employees, affiliates, attorneys, successors and assigns from any and all claims, demands, liens, damages, actions or suits, of whatsoever nature or character, whether statutory (including without limitation usury and deceptive trade practices claims), in contract or in tort, known or unknown, which have accrued or may accrue to Maker or any creditor or affiliate of Maker on account of any injuries, fraud (including fraud in the inducement), damages or losses or otherwise arising out of or in any way connected to (i) any extension of credit by the Payee to Maker on or prior to the date hereof, or (ii) any matter or thing done, omitted or suffered to be done by the Payee, its directors, officers, shareholders, agents, employees, affiliates, attorneys, predecessors or assignors on or prior to the date hereof.

Balloon Real Estate Lien Note, page 3, executed on behalf of Plaintiff by and through Selim Kiralp,

LLC, its Member on January 19, 2021.

**Release of Payee.** In consideration of the agreement of the Payee to provide this Note, and other good and valuable consideration, which consideration is agreed by Maker to be good and sufficient, Maker **RELEASES, ACQUITS AND FOREVER DISCHARGES** the Payee, its directors, officers, shareholders, agents, contractors, employees, affiliates, attorneys, successors and assigns from any and all claims, demands, liens, damages, actions or suits, of whatsoever nature or character, whether statutory (including without limitation usury and deceptive trade practices claims), in contract or in tort, known or unknown, which have accrued or may accrue to Maker or any creditor or affiliate of Maker on account of any injuries, fraud (including fraud in the inducement), damages or losses or otherwise arising out of or in any way connected to (i) any extension of credit by the Payee to Maker on or prior to the date hereof, or (ii) any matter or thing done, omitted or suffered to be done by the Payee, its directors, officers, shareholders, agents, employees, affiliates, attorneys, predecessors or assignors on or prior to the date hereof.

Balloon Real Estate Lien Note, page 3, executed on behalf of Plaintiff by and through Selim Kiralp,

LLC, its Member on March 16, 2022.

163.2.    Offset. Plaintiff owes Wallis Bank $52,478.43 in unpaid credit card debt.

## III. CONDITIONS PRECEDENT

164.    Non-Participating Directors lack sufficient knowledge or information to form beliefs about Plaintiff's satisfaction of Conditions Precedent.

## IV. PRAYER

WHEREFORE PREMISES CONSIDERED, DEFENDANTS WILLIAM F. BURGE, III, FAIZEL DAKRI, JODIE JILES, AND FARID VIRANI, having fully answered, respectfully pray for judgment that Plaintiff takes nothing by its Second Amended Complaint, for cost incurred herein, and for such other and further relief, at law or in equity, as the Court may deem just and proper.

DATED: October 25, 2023.

Respectfully submitted,

MURRAY | LOBB, PLLC

By: /s/ Kyle L. Dickson
Kyle L. Dickson, Attorney-in-Charge
Texas Bar No. 05841310
Federal Bar No. 13441
Charles E. Lobb, Jr.
Texas Bar No. 12455375
David W. Alexander
Texas Bar No. 24029417
Federal Bar No. 32900
2200 Space Park Drive, Suite 350
Houston, Texas 77058
Telephone: (281) 488-0630
Facsimile: (281) 488-2039
Email: kdickson@murray-lobb.com
Email: lobb@murray-lobb.com
Email: dalexander@murray-lobb.com

**ATTORNEYS FOR WALLIS BANK, ET AL.**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on October 25, 2023, I electronically filed the foregoing Defendants', WILLIAM F. BURGE, III, FAIZEL DAKRI, JODIE JILES, AND FARID VIRANI, ORIGINAL ANSWER TO PLAINTIFF'S, BEAUMONT LAMAR APARTMENTS, LLC, SECOND AMENDED COMPLAINT with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record by electronic means.

<u>**/s/ Kyle L. Dickson**</u>
**Kyle L. Dickson**

Christian S. Dennie, Attorney at Law
**DENNIE FIRM, PLLC**
99 Trophy Club Drive
Trophy Club, Texas 76262
Telephone: (817) 430-5876
Facsimile: (817) 430-5801
Email: cdennie@denniefirm.com
**ATTORNEY FOR PLAINTIFF BEAUMONT LAMAR APARTMENTS, LLC**

Cara D. Kennemer, Attorney at Law
**THE UNDERWOOD LAW FIRM, P.C.**
600 Bailey Avenue, Suite 200
Fort Worth, Texas 79107
Telephone: (817) 885-7529
Facsimile: (817) 439-9923
Email: Cara.kennemer@uwlaw.com
**ATTORNEY FOR DEFENDANTS MCCUNE CONSTRUCTION SERVICES GROUP, LLC N/K/A MCCUNE CONSTRUCTION FUNDS MANAGEMENT, LLC AND STEPHEN "STEVE" MCCUNE**