**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BEAUMONT LAMAR APARTMENTS, LLC** | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| **WALLIS BANK, a Texas banking corporation, MUSA DAKRI, ASIF DAKRI, AYAZ NASSER, ROBERT ADAM, WILLIAM F. BURGE III, NASR KHAN, ROGER SEBESTA, FAIZEL DAKRI, JODIE JILES, JERRY PETERSON, GARY OWENS, FARID VIRANI, MCCUNE CONSTRUCTION SERVICES GROUP, LLC n/k/a MCCUNE CONSTRUCTION FUNDS MANAGEMENT, LLC, AND STEPHEN "STEVE" MCCUNE** | § § § § § § § § § § § § § § § § | Case No. 4:23-cv-00341-O |
| Defendants. | § | |

**PLAINTIFF'S EMERGENCY MOTION TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT, MOTION FOR CONTEMPT, AND MOTION FOR SANCTIONS AND BRIEF IN SUPPORT**

**NOW COMES,** Beaumont Lamar Apartments, LLC ("**Plaintiff**" or "**BLA**") and files *Plaintiff's Emergency Motion to Show Cause Why Defendants Should Not Be Held in Contempt, Motion for Contempt, and Motion for Sanctions and Brief in Support*. Plaintiff respectfully shows this Honorable Court as follows:

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ ii

TABLE OF AUTHORITIES ............................................................................................... iii

I. BACKGROUND ........................................................................................................... 1

II. LEGAL STANDARD ................................................................................................... 4

III. ARGUMENTS AND AUTHORITIES ......................................................................... 6

    A. The Bank Defendants are in contempt of the Magistrate's Order to produce all outstanding documents by March 19, 2024. .............................................. 6

    B. The Bank Defendants' conduct is sanctionable under Rule 37(b)(2)(A). ................. 8

IV. PRAYER ..................................................................................................................... 14

CERTIFICATE OF SERVICE ............................................................................................ 14

# **TABLE OF AUTHORITIES**

Cases

*Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574 (5th Cir. 2000) ...................................... 4, 8

*Barrett v. Atlantic Richfield Co.*, 95 F.3d 375 (5th Cir. 1996) ..................................................... 11

*Calsep, Inc. v. Intelligent Petroleum Software Sols.*, No. 4:19-CV-1118,
2021 U.S. Dist. LEXIS 84898, 2021 WL 1729169 (S.D. Tex. Apr. 29, 2021) ............................. 9

*Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030 (5th Cir. 1990) ................................................. 6

*Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403 (5th Cir. 2004) .................................. 10

*Gray v. MYRM Holdings, L.L.C.*, No. A-11-CV-180 LY, 2012 U.S. Dist. LEXIS 90582
(W.D. Tex. June 28, 2012) ...............................................................................................................

*HM Compounding Servs. v. Express Scripts, Inc.*, 349 F. Supp. 3d 794 (E.D. Mo. 2018) ..... 12, 13

*Huff v. Pampered Pet Inn*, No. 4:22-cv-00575, 2023 U.S. Dist. LEXIS 120308
(S.D. Tex. July 13, 2023) ........................................................................................................... 8, 9

*Lara v. Power of Grace Trucking, LLC*, No. PE:20-CV-00010-DC-DF,
2022 U.S. Dist. LEXIS 18593 (W.D. Tex. Feb. 2, 2022) ...................................................... 5, 6, 8

*Law Funder, L.L.C. v. Munoz*, 924 F.3d 753 (5th Cir. 2019) ................................................. 5, 10

*Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309 (5th Cir. 2013) ............................................. 6

*Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383 (5th Cir. 2009) ..................................... 11

*Romero v. ABC Ins. Co.*, 320 F.R.D. 36 (W.D. La. 2017) ............................................................. 8

*Rose v. Neal Spelce Assocs.*, 765 F.2d 511 (5th Cir. 1985) .......................................................... 9

*Sec. & Exch. Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.3d 660 (5th Cir. 1981) ..................... 4

*Spallone v. United States*, 493 U.S. 265 (1990) ............................................................................ 4

*Taghavi v. Soto*, No. 3:21-cv-2557-S-BN, 2023 U.S. Dist. LEXIS 180586
(N.D. Tex. Oct. 6, 2023) .............................................................................................................. 11

*Trench Tech Int'l, Inc. v. Tech Con Trenching, Inc.*, No. 4:19-cv-00201-O,
2020 U.S. Dist. LEXIS 259459 (N.D. Tex. March 20, 2020) .................................................... 4, 6

*United States v. City of Jackson*, 359 F.3d 727 (5th Cir. 2004) ................................................ 4, 7

*United States v. Smith*, No. 5:17CV86-JRG-CMC, 2018 U.S. Dist. LEXIS 187401,
2018 WL 4524123 (E.D. Tex. Sept. 13, 2018) ............................................................................... 4

Statutes

Fed R. Civ. P. 37 ................................................................................................................ 11

# I. BACKGROUND

1. Once again, Plaintiff is forced to seek relief from this Honorable Court for rampant discovery abuse by Defendants Wallis Bank, Musa Dakri, Asif Dakri, Ayaz Nasser, Robert Adam, William F. Burge III, Roger Sebesta, Nasr Kahn, Faizel Dakri, Jodie Jiles, Jerry Peterson, Gary Owens, and Farid Virani (collectively, the "**Bank Defendants**"). Plaintiff filed a *Motion to Compel* [Dkt. 62], based on the Bank Defendants' failure to produce a substantial number of documents their own witnesses confirmed existed, on October 26, 2023 and a *Motion to Strike* [Dkt. 80], based on the Bank Defendants' refusal to schedule a corporate representative deposition and expert deposition and universal objections to Plaintiff's production requests, on December 22, 2023, the day the discovery period closed. Both motions were heard before Magistrate Judge Cureton on March 5, 2024. Magistrate Judge Cureton ordered the Bank Defendants to produce the remaining documents, including internal communications regarding Plaintiff and its construction project, by March 19, 2024, and sanctioned the Bank Defendants for, among other things, failing to put in place a litigation hold[1] and failing to make Wallis Bank's corporate representative and expert available for deposition. Dkt. 97.

2. The Bank Defendants produced documents on March 19, 2024, many of them heavily redacted. *See Exhibits 1 & 2* (App. 002, 004). Among these were numerous pages of handwritten notes from board and committee meetings, which the Bank Defendants have been denying existed for the past eight (8) months. On March 23, 2024, Plaintiffs' counsel sent the Bank Defendants' counsel a letter highlighting the discovery deficiencies that remained outstanding after Magistrate Judge Cureton's March 19, 2024 deadline as per Magistrate Judge Cureton's order [Dkt. 97 ¶ a]. *See Exhibit 3* (App. 006-010). The Bank Defendants' counsel sent a response letter to

---

[1] Due to this failure, Plaintiff is entitled to a spoliation instruction at trial. *See* Dkt. 97 ¶ b.

1

Plaintiff's counsel, copying Magistrate Judge Cureton, on April 5, 2024, referencing an unsworn declaration by Defendant Asif Dakri (hereinafter the "**First Dakri Declaration**") [*Exhibit 6* (App. 017-026)] regarding the Bank Defendants' discovery deficiencies and purporting to attach responsive documents. *See Exhibit 4 & 5* (App. 012-013, 015). Another letter regarding Plaintiff's March 23, 2024 letter was sent by the Bank Defendants' counsel on April 8, 2023. *See Exhibit 9* (App. 042-044). The letter concluded by noting that "responsive documents will continue to be sent to you as they are Bates stamped." *Exhibit 9* (App. 044).

3. On Friday, April 12, 2024 at 4:31pm—**309 days** after Plaintiff's First Request for Production was served on the Bank Defendants, **231 days** after Plaintiff's counsel initially notified the Bank Defendants of their discovery deficiencies, **112 days** after the close of discovery in this case, and **24 days** after Magistrate Judge Cureton's mandated deadline to produce *all* outstanding documents "**no later than March 19, 2024**" [Dkt. 97 ¶ a (emphasis in original)]—the Bank Defendants' counsel emailed Plaintiff's counsel a DropBox link to over 18,000 additional pages of documents that were described as attachments to the unsworn declaration by Defendant Asif Dakri (hereinafter the "**Second Dakri Declaration**") [*Exhibit 8* (App. 030-040). *See Exhibit 7* (App. 028). The Second Dakri Declaration states the Bank Defendants produced documents bates labeled WB11172-WB29894. *See Exhibit 8* at ¶¶ 16.3, 18.3-18.3.4 (App. 038-039). The Bank Defendants have repeatedly stated that many of the documents included in this April 12, 2024 document dump did not exist, despite various witnesses providing deposition testimony to the contrary. The Bank Defendants argued before Magistrate Judge Cureton on March 5, 2024 that no additional documents exist. The Bank Defendants have even called Plaintiff's quest to obtain responsive "harassment." If no documents exist and Plaintiff is harassing the Bank Defendants,

how did they produce approximately 18,000 pages of records for the first time? Prior to that production, the Bank Defendants had produced only approximately 11,000 pages of records.

4. With a little over a month until trial and several looming pre-trial deadlines quickly approaching, Plaintiff is left scrambling to review over 18,000 pages of documents that should have been produced in August 2023, or at the very latest by December 22, 2023 when the discovery window closed. This is no small feat for a two-person law firm. In fact, Plaintiff is having to hire additional help to review all of these late produced documents in order to stay afloat with upcoming deadlines and trial preparation. Enough is enough. The Bank Defendants' actions are designed to ambush Plaintiff and hide responsive documents. In the review to date, Plaintiff has uncovered documents buried within the document dump that have been claimed not to exist and that supports Plaintiff's claims and contradicts the Bank Defendants' arguments and sworn testimony. Plaintiff was forced to conduct 18 depositions and respond to the Bank Defendants' three (3) motions for summary judgment without the benefit of this information.

5. In the Second Dakri Declaration, Mr. Dakri claims the Bank Defendants searched for responsive documents in March 2023, August 2023, November 2023, and March 2024. *See Exhibit 8* at ¶¶ 12-13 (App. 037). Somehow, the Bank Defendants missed approximately 18,000 pages of records and only produced the same 38 days before trial and after Rule 26 Pre-Trial Disclosures were filed. The Bank Defendants have offered no explanation as to why they didn't search for or produce these documents before the end of the discovery period *or* before the March 19, 2024 deadline Magistrate Judge Cureton gave them to produce *all* remaining documents. Dkt. 97 ¶ a. In fact, it appears that Defendant Asif Dakri did not even request a search of internal communications until after Judge Cureton's deadline had passed. *See Exhibit 8* at ¶¶ 12-13 (App. 037). There is simply no excuse for their failure to comply with Magistrate Judge Cureton's order

—

and dropping over 18,000 pages of documents, which were requested in August 2023, on Plaintiff at the twenty-third hour. The Bank Defendants' strategic and deficient approach is an affront to this Honorable Court and they must be held accountable. An order sanctioning the Bank Defendants $70,735.32 did not deter the Bank Defendants' bad acts and deficient practices. Dkt. 106 at p. 8.

## II. LEGAL STANDARD

6. "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Sec. & Exch. Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.3d 660, 669 (5th Cir. 1981). To hold an individual in civil contempt, it must be found by clear and convincing evidence that "(1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004).

7. "[C]ourts have the inherent power to enforce compliance with their lawful orders through civil contempt." *Trench Tech Int'l, Inc. v. Tech Con Trenching, Inc.*, No. 4:19-cv-00201-O, 2020 U.S. Dist. LEXIS 259459, at *10 (N.D. Tex. March 20, 2020) (O'Connor, J.) (quoting *United States v. Smith*, No. 5:17CV86-JRG-CMC, 2018 U.S. Dist. LEXIS 187401, 2018 WL 4524123, at *3 (E.D. Tex. Sept. 13, 2018)). As such, courts may employ judicial sanctions to coerce the respondent into compliance and/or to compensate the complainant for any losses sustained. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000). While courts are "obliged to use the least possible power adequate to the end proposed" in issuing sanctions, their discretion is broad. *Spallone v. United States*, 493 U.S. 265, 276 (1990).

8. In addition to this inherent power, the Federal Rules of Civil Procedure empower district judges to sanction discovery abuse. Rule 37(b)(2)(A) provides that, "[i]f a party . . . fails

4

to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A)(i)-(vii). When a sanction would not result in the immediate conclusion of the case is imposed, the sanction need only be "just and related to the particular claim which was at issue in the order to provide discovery." *Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) (internal quotation omitted). "The Fifth Circuit mandates that when a sanction is of such substantial effect that it would spell doom for the case—that is, would be litigation-ending, including the archetypal striking of pleadings of and subsequent entry of default judgment against a defendant or dismissal of a plaintiff's complaint—a heightened standard is imposed." *Lara v. Power of Grace Trucking, LLC*, No. PE:20-CV-00010-DC-DF, 2022 U.S. Dist. LEXIS 18593 (W.D. Tex. Feb. 2, 2022) (citing *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019)). The district court must make four ancillary findings "to impose a litigation-ending sanction: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation substantially prejudiced the

5

opposing party; and (4) a lesser sanction would not substantially achieve the desired deterrent effect." *Law Funder*, 924 F.3d at 758-59. However, this heightened standard has not deterred courts from imposing death penalty sanctions where appropriate. *See Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 315 (5th Cir. 2013). "Specifically, striking a disobedient party's pleadings and entering default judgment must be arrows available in the judicial quiver 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Lara*, No. PE:20-CV-00010-DC-DF, 2022 U.S. Dist. LEXIS, at *6 (citing *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

9. Rule 37(b)(2)(C) further requires that, "[i]nstead of or in addition to the orders [described under Rule 37(b)(2)(A)(i)-(vii)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

### III. ARGUMENTS AND AUTHORITIES

**A. The Bank Defendants are in contempt of the Magistrate's Order to produce all outstanding documents by March 19, 2024.**

10. By failing to comply with Magistrate Judge Cureton's order on or before March 19, 2024 and giving no indication to Plaintiff or Magistrate Judge Cureton that they needed additional time to comply with the order requiring them to produce documents that were requested in June 2023, the Bank Defendants "violated a definite and specific order of the court and thereby committed contempt." *Trench*, No. 4:19-cv-00201-O, 2020 U.S. Dist. LEXIS, at *10 (granting a motion for sanctions and contempt where respondent failed to comply with complainant's production request and court's order to show cause why he should not be held in contempt). There

is no question that (1) the Magistrate's order was in effect, (2) the order required the Bank Defendants to produce *all* outstanding documents by March 19, 2024, and (3) the Bank Defendants failed to comply with the order, instead dumping 18,000 pages of documents on Plaintiff **<u>24 days</u>** later and two (2) days *after* pretrial disclosures were due. The Bank Defendants' conduct, therefore, meets the requirements to allow this Honorable Court to hold them in contempt and to issue sanctions. *See City of Jackson*, 359 F.3d at 731.

11. It took Magistrate Judge Cureton's order to get the Bank Defendants to even look for internal emails, despite them being included in Plaintiff's First Request for Production, which were served on them in June 2023. Dkt. 63 at *Exhibit 2* at Request Nos. 55-80 (App. 024-025). And yet, it appears they didn't even begin their search until after Magistrate Judge Cureton's deadline had passed.[2] They sought no extension from Magistrate Judge Cureton or from Plaintiff. The Trial Date is 34 days away, and Plaintiff's counsel (and even hiring additional support) is scrambling to review 18,000 pages of discovery that they should have had months to review and make strategic decisions. The Bank Defendants have dug in their heels and made discovery difficult at every turn,[3] requiring Plaintiff to file a motion to compel these same documents in October 2023, a motion to strike the Bank Defendants' corporate representative and expert or alternatively compel them to be made available for deposition *after* discovery had closed, and now this motion to show cause why they should not be held in contempt. Enough is enough. Plaintiff respectfully requests that this Honorable Court order the Bank Defendants to show cause why they

---

[2] It is also important to note that Defendant Gary Owens (President of Wallis Bank) was present at hearing before the Magistrate Judge Cureton on March 5, 2024.
[3] Even scheduling the meetings mandated in the Scheduling Order [Dkt. 11] has proven difficult, with the Bank Defendants refusing to confirm who will appear at the required Jury Charge Conference on April 19, 2024 at 10:00 a.m. and unilaterally canceling the Settlement Conference just three (3) days before it was scheduled.

should not be held in contempt, and because they do not have sufficient cause, Plaintiff requests that this Honorable Court use its broad discretion and hold them in contempt to compensate Plaintiff for the additional losses it has sustained through their extremely late production. *See Am. Airlines*, 228 F.3d at 585.

### B. The Bank Defendants' conduct is sanctionable under Rule 37(b)(2)(A).

12. Under Rule 37(b)(2), the Court has discretion to impose a variety of sanctions, up to and including entering a default judgment, against the Bank Defendants for their egregious discovery misconduct. *See* FED. R. CIV. P. 37(b)(2). Plaintiff maintains that this misconduct meets the heightened standard for the harshest sanctions because the Bank Defendants have established a pattern of failing to comply with Plaintiff's discovery requests and now have failed to comply with a court order. This pattern shows they have acted in bad faith. *See Huff v. Pampered Pet Inn*, No. 4:22-cv-00575, 2023 U.S. Dist. LEXIS 120308, at *3 (S.D. Tex. July 13, 2023) (Death penalty sanctions are "authorized in whole or in part when the failure to comply with the court's order results from wilfulness [sic] or bad faith, accompanied by a clear record of delay or contumacious conduct and not from the inability to comply.") (quoting *Romero v. ABC Ins. Co.*, 320 F.R.D. 36, 40 (W.D. La. 2017)). In *Huff*, the Court dismissed the plaintiff's claims with prejudice because she failed to comply with a discovery hearing order and subsequent written order to produce the documents. *Id.* at *4; *see also Lara*, No. PE:20-CV-00010-DC-DF, 2022 U.S. Dist. LEXIS at *7 ("When a court orders a party to respond to valid, pending requests, but the party refuses to respond or otherwise does not respond within the time allotted, the party commits a willful violation of the court's order.") (internal quotation omitted). The Bank Defendants' failure to produce the requested documents in the time allotted by Magistrate Judge Cureton's order amounts to a willful violation of the court's order, and thus establishes the first factor for death penalty sanctions. Not to mention,

8

the Bank Defendants produced approximately 18,000 pages of records **112 days** after the close of discovery in no particular order solely as a means to ambush Plaintiff just over 30 days prior to trial.

13. With respect to the *second factor*—attributing responsibility for the discovery disobedience to the client rather than his representation—Plaintiff does not assert that the Bank Defendants' counsel is responsible for their failure for violating the discovery order. The second factor may be met where movants do not assert that the nonmovant's attorneys were responsible for the non-movants' own violation of a discovery order. *See, e.g. Calsep, Inc. v. Intelligent Petroleum Software Sols.*, No. 4:19-CV-1118, 2021 U.S. Dist. LEXIS 84898, at *25-*26, 2021 WL 1729169, at *9 (S.D. Tex. Apr. 29, 2021).

14. Plaintiff contends that its preparation for trial has been substantially prejudiced due to the Bank Defendants nearly year-long failure to produce and then suddenly document dump during the Honorable Court's pretrial deadlines, four (4) months after the end of the discovery period. *See Rose v. Neal Spelce Assocs.*, 765 F.2d 511, 514 (5th Cir. 1985) (upholding a district court's finding that a party's failure to produce documents requested by complainant a year prior severely prejudiced the complainant's ability to prepare its case). The documents Plaintiff has been able to review thus far have revealed the existence of documentary evidence that the Bank Defendants appeared to conceal because it supports Plaintiff's claims and refutes their stance that there was no such evidence. The Bank Defendants' actions have therefore prevented Plaintiff from fully investigating its claims and thereby from preparing for trial. *See Huff*, No. 4:22-cv-00575, 2023 U.S. Dist. LEXIS 120308 at *5. As a result, the *third factor*—whether the violation substantially prejudiced the opposing party—weighs heavily in Plaintiff's favor.

15. The ***final factor*** this Honorable Court must consider in determining whether to impose litigation-ending sanctions is whether a lesser sanction would substantially achieve the desired deterrent effect. Courts may consider a pattern of bad faith discovery behavior in finding that lesser sanctions would not ensure compliance. *See, e.g.*, *Gray v. MYRM Holdings, L.L.C.*, No. A-11-CV-180 LY, 2012 U.S. Dist. LEXIS 90582, at *13-14 (W.D. Tex. June 28, 2012) ("From this pattern of behavior, the undersigned finds that lesser sanctions will not ensure compliance and the Court must resort to the severe sanction of a default judgment."); *Law Funder*, 924 F.3d at 757 (making general observations regarding the defendants' material impediment of the discovery process and thereby the resolution of the case, including "assert[ing] perfunctory objections to many of Plaintiff's requests for production and [being] uncooperative in scheduling depositions."). The Bank Defendants have shown they have no interest in fully complying with the discovery requirements of this case, whether it be Plaintiff's Requests for Production [Dkt. 62 & 63], putting in place a litigation hold [Dkt. 62], making its corporate representative or banking expert available for deposition [Dkt. 80], answering Plaintiff's interrogatories without global objections [Dkt. 80], or timely complying with Magistrate Judge Cureton's order to produce *all* outstanding documents "**no later than March 19, 2024.**" Dkt. 97 ¶ a (emphasis in original). It is difficult to see how lesser sanctions would ensure the Bank Defendants' compliance when we are this close to trial. The ***fourth factor*** should thereby weigh in favor of litigation-ending sanctions in the form of striking the Bank Defendants' pleadings or entering a default judgment.

16. While Plaintiff contends that the Bank Defendants actions meet the Fifth Circuit's heightened standard for litigation-ending, or death penalty, sanctions, if this Honorable Court finds that lesser sanctions would deter the Bank Defendants from continuing to engage in bad faith conduct, Plaintiff respectfully requests that, at a minimum, this Honorable Court direct that

dispositive facts be taken as established at trial under the authority of Rule 37(b)(2)(A)(i), and/or prohibit the Bank Defendants from supporting their defensive positions and defenses (if any) with or introducing into evidence any of the documents they've delinquently produced under Rule 37(b)(2)(A)(ii). Specifically, Plaintiff requests that this Honorable Court direct that the following facts be taken as established at trial due to the Bank Defendants' egregious discovery failures:

- The Bank Defendants were aware of McCune Construction's poor management of the funds as early as January 27, 2022.

- A Bank employee requested that McCune Construction be removed from the project due to "delays, poor communication, and higher costs."

- The Bank approved another vendor to provide inspection services but refused to replace McCune Construction with this other vendor despite being aware of the "delays, poor communication, and higher costs" associated with McCune Construction's inspection services.

- The Bank Defendants required Plaintiff to split the construction project into two phases.

- The need for allocating Phase 2's concrete budget to Phase 1 was the result of the Bank Defendants' requirement that the construction be bifurcated into two phases.

- The Bank Defendants considered McCune Construction to be the general contractor once Plaintiff triggered the completion guarantee.

17. Under Rule 37(b)(2)(A)(ii), "the Court has discretion to exclude evidence based on a party's noncompliance with a discovery order." *Taghavi v. Soto*, No. 3:21-cv-2557-S-BN, 2023 U.S. Dist. LEXIS 180586, at *30 (N.D. Tex. Oct. 6, 2023) (Horan, J.) (citing *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)). The Fifth Circuit established a four-part test to consider excluding evidence under this provision: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the [evidence]; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of [the evidence]." *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 390-91 (5th

Cir. 2009). As previously noted, the Bank Defendants have offered no explanation for their failure to comply with the Magistrate's order to produce *all* outstanding documents by March 19, 2024. Any explanation they do attempt to offer should be disregarded given that these documents were first requested nearly a year ago. The prejudice to Plaintiff results from its inability to fully develop and prepare its claims for trial, and the documents that Plaintiff notified the Bank Defendants of in August 2023 after their own witnesses confirmed their existence through deposition testimony are vitally important to proving Plaintiff's claims. A continuance would not cure the prejudice to Plaintiff; it would instead serve the interests of the Bank Defendants to give them more time to bring their new counsel up to speed. *See* Dkt. 111-113.

18. A District Court in Missouri considered sanctions for discovery misconduct that are substantially similar to the Bank Defendants' in this case. *See HM Compounding Servs. v. Express Scripts, Inc.*, 349 F. Supp. 3d 794 (E.D. Mo. 2018). In *HM Compounding*, the plaintiff produced 28,070 documents over two months after the close of discovery and another 71,470 withheld documents a month after the court held a hearing on the defendant's motion for sanctions. *Id.* at 797. Among the withheld documents were records that the plaintiff denied existed. *Id.* at 798. The court declined to direct dismissal of the case because it could not conclusively determine the plaintiff acted intentionally. *Id.* at 800. Instead, it allowed the defendant to use the late-produced documents and information but prohibited the plaintiff from being able to use them. *Id.* The court's assessment of the plaintiff's misconduct is instructive to this case:

> Following its October 12 hearing, the Court is more firmly convinced of HM's gross misconduct in failing to comply with the Federal Rules of Civil Procedure regarding discovery and this Court's Orders. **Admittedly false declarations were submitted and misrepresentations were made** to opposing counsel as well as to the Special Master and this Court with **clear, reckless disregard for the truth of the matters**. **Thousands of documents were produced well after the close of discovery** and years into the litigation after **repeated representations throughout discovery** that HM

12

> had **searched "all sources," produced "all responsive documents", and had "no other documents" responsive** to ESI's requests. As a result, expert reports were prepared and dispositive motions filed—**all without the benefit of access to these documents**. HM's **explanation for its late production is entirely unacceptable and inexcusable**.

*Id.* (emphasis added). If this Honorable Court declines to impose death penalty sanctions for the Bank Defendant's gross misconduct, Plaintiff respectfully requests that it follow the reasoning of the Missouri Eastern District Court and prohibit the Bank Defendants from using any of the late-produced documents or any information derived therefrom in their defense against Plaintiff's claims.

19. In the event, alternatively, that this Honorable Court is not inclined to issue death penalty sanctions and strike the Bank Defendants' defenses (if any), pleadings, and witness testimony in support of their position, Plaintiff requests as follows:

- Strike all of the Bank Defendants' experts [*see* Dkt. 104 and 105];

- Not permit the Bank Defendants to use at trial (or in any motion or hearing) any of the records produced on April 12, 2024 labeled WB11172-WB29894, but permit Plaintiff to use any such documents as appropriate;

- Not permit the Bank Defendants to provide any testimony on any of the matters in dispute including discussing matters associated with internal communications pertaining to Plaintiff and the associated loans, the real property, and/or the construction project;

- Deny any defenses (if any) to appear on the Jury Charge; and

- Order payment of attorneys' fees and costs associated with the filing of this motion and review of the records.

Plaintiff also requests that it be permitted sufficient time to review the late produced documents and add any such records to Plaintiff's exhibit list. Plaintiff's counsel is diligently reviewing all such records at the same time as complying with this Honorable Court's order pertaining to pre-trial matters.

## IV. PRAYER

Plaintiff prays that this Honorable Court order an emergency hearing to consider *Plaintiff's Motion to Show Cause Why Defendants Should Not Be Held in Contempt, Motion for Contempt, and Motion for Sanctions* given the pending pretrial deadlines. Plaintiff further prays that this Honorable Court issue sanctions as and against the Bank Defendants and grant the relief sought in this motion. Plaintiff prays for any other legal or equitable relief, whether general or specific, to which it may be entitled.

Respectfully submitted on the 16th day of April, 2024.

**DENNIE FIRM, PLLC**
99 Trophy Club Drive
Trophy Club, TX 76262
817.430.5876
817.430.5801 – Facsimile

By: */s/ Christian Dennie*
**Christian S. Dennie**
State Bar No. 24045775
cdennie@denniefirm.com
**Sarah Pack**
State Bar No. 24083611
spack@denniefirm.com

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I certify that on April 16, 2024, I electronically filed the foregoing *Plaintiff's Emergency Motion to Show Cause Why Defendants Should Not Be Held in Contempt, Motion for Contempt, and Motion for Sanctions and Brief in Support* with the Clerk of the Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record by electronic means.

*/s/ Christian Dennie*
Christian Dennie, *Counsel for Plaintiff*

14